UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
**************************************
In re:                                 *
                                       *
5037 M EAD S ST. LLC                   *      Case No. 15-00369
                                       *      Chapter 7
                Debtor.                *
**************************************
                                       *
WILLIAM DOUGLAS WHITE, Trustee         *
                                       *
        Plaintiff,                     *
                                       *
   vs.                                 *      A.P. No. _____
                                       *
PROJECT 2 FUNDING, LLC                 *
                                       *
                                       *
        Defendant.                     *
_____*
```

TRUSTEE'S COMPLAINT TO AVOID AND RECOVER
UNAUTHORIZED POST-PETITION TRANSFERS

William Douglas White, Trustee, by and through counsel, in support of his Complaint To Avoid And Recover Unauthorized Post-Petition Transfers, states the following:

1. The Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 1334, 157, 549, 550, and 551. Venue is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding.

2. Plaintiff William Douglas White is the duly appointed Trustee for the bankruptcy estate of 5037 Meads Street, LLC, Case No. 15-00369 ("Debtor") on the docket of this Court.

3. Defendant Project 2 Funding LLC is a District of Columbia corporation. Its

1

business address is 6100 Westchester Park Dr. Suite C42, College Park MD 20740.  Its registered agent is Sheldon Faison, 20 Chesapeake Street, Suite #7, Washington DC 20032.

4.  On July 15, 2015, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The case was administered in chapter 11 as a debtor in possession until the case was converted to case under chapter 7 on September 2, 2016 and the undersigned was appointed as Trustee.

5.  On the date of the petition, the Debtor was the owner of record of real property at 226 Anacostia Road SE, Washington DC (the "Property").  Schedule A of the Debtor's Schedule of Assets and Liabilities (Docket 24), for which Plaintiff requests that the Court take judicial notice, identified the Property as property owned by the Debtor.  The land records for the District of Columbia also reflect that the Property was owned by the Debtor on the date of the chapter 11 filing.  As such, the property at 226 Anacostia Road SE was property of the estate under Section 541 of the Bankruptcy Code.

6.  On February 1, 2016, the Debtor obtained court approval of a compromise on notice to parties in interest that settled a dispute with Boardwalk LLC, the then holder of a deed of trust on the Property.  The compromise provided that the settled amount of the disputed indebtedness owed to Boardwalk was $250,000 and further authorized the Debtor to pay that amount pursuant to the agreement of the parties.  On information and belief, the Debtor then paid that amount to Boardwalk LLC, leaving title to the Property free and clear of liens.

7.  On August 31, 2016, while still in chapter 11, the Debtor deeded its fee simple interest in the Property to Defendant Project 2 Funding LLC.  The deed transferring the Property, a copy of which is attached as Exhibit A, identified the transfer as a gift and was

conveyed for no consideration to Project 2 Funding LLC. The deed gifting the Property was executed by Andre Strickland as the managing member of the Debtor. The records of the District of Columbia Department of Consumer & Regulatory Affairs also identified Andre Strickland as a principal of Project 2 Funding LLC.

8. The foregoing transfer of the Property was a transfer of property of the estate that occurred after the filing of the bankruptcy petition and while the bankruptcy case was pending ("Post-Petition Transfer"). The Post-Petition Transfer was not authorized by Title 11 of the United States Code or by the Court.

9. Plaintiff may avoid such a Post-Petition Transfer under 11 U.S.C. § 549 and recover the transfer or its value for the benefit of the estate under 11 U.S.C. §§ 550(a)(1), 551.

WHEREFORE, the Trustee requests judgment against Defendant Project 2 Funding LLC avoiding the Post-Petition Transfer of the Property and directing its return to the bankruptcy estate or, in the alternative, a judgment for the value of the Post-Petition Transfer, plus interest, costs, and such other relief as the Court may deem just.

Respectfully submitted,

/s/ William Douglas White_____
William Douglas White, No. 224592
McCarthy & White, PLLC
8205 Pettit Court
McLean, VA 22102
(703) 770-9265
wdw@mccarthywhite.com
Attorneys for Trustee